738

MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Plaintiff and Appellant, *v.* SUAU, FIOL & Co., Defendant and Appellee.

No. 6651. Argued February 15, 1935.—Decided March 31, 1936.

B. *Fernández García, Attorney General, R. Cordovés Arana, Assistant Attorney General,* and *C. Santana Becerra* for appellant. *Juan B. Soto* and *Juan F. Soto* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 13th of November 1932, Manuel V. Domenech, then Treasurer of Puerto Rico, under the summary process of the Mortgage Law instituted a proceeding against Suau, Fiol & Company to recover the sum of $13,500, plus interest accrued. Upon the presentation of the original petition the District Court of Aguadilla issued a demand for payment

*(requerimiento)* in due form. Thereupon, on the 15th of December 1933, the alleged debtor came into court and requested the annulment of the demand for payment. After various motions, orders, and other incidents the court annulled the demand for payment. The plaintiff presented the promissory note and asked for a new demand. The appeal is from the order refusing to issue a new demand of payment.

The mortgage in this case was to secure a negotiable promissory note. The theory of the court was in part that the complaint did not recite that the promissory note, secured by the mortgage, had been duly indorsed to the plaintiff and, as we understand it, also that the promissory note did not accompany the initial petition.

The assignment of errors is as follows:

"1.—The lower court erred in permitting the defendant to appear in this case.

"2.—The lower court erred in annulling the demand for payment which had been served on the defendant.

"3.—The court *a quo* erred in refusing to issue the demand for payment presented by the plaintiff-appellant on January 18, 1934."

██ We agree with the court below that where there is a matter of jurisdiction and the court considers that it has improvidently issued a demand for payment, it may voluntarily, or at the instance of the debtor, retrace its steps and annul the demand for payment. *Miranda* v. *District Court*, 41 P.R.R. 617. In the present case the court annulled the demand for payment already issued and refused to issue a new writ as requested by the petitioner, who to the initial petition, added the original promissory note with its indorsement.

[2] The petition in this case contained the following clause:

"5.—That the Banco Industrial de Puerto Rico on the 9th of August 1929, delivered said $13,500 promissory note to the plaintiff and, since that date the plaintiff is owner of the mortgage lien to which the third clause of the present deed refers."

We are agreed with the court below that the delivery of a promissory note does not always necessarily transfer the title, but when the averment of delivery is coupled with an averment of ownership of the credit, as here, and when the initial petition is accompanied by the original promissory note with its indorsement as a part thereof, we hold that the provisions of the Mortgage Law have been complied with.

With the other statements of the petition the averment of the ownership of the mortgage credit was the equivalent to an averment of the ownership of the promissory note.

■ After the court had annulled its order the plaintiff came into court, presented the original promissory note with its endorsement, and asked for a new demand for payment, which the court, in a reasoned opinion, refused.

The note was made payable to the Banco Industrial de Puerto Rico. On the back of it the following appeared:

"Banco Industrial de Puerto Rico,
"By (sgd.) M. B. Pérez, Jr.,
   "Ass. Manager."

This was an indorsement in blank and sufficient under the Mortgage Law to transfer title if the indorsement otherwise essentially complied with the law. Sections 152 and 153 of the Mortgage Law.

Appellee in its brief draws attention to the fact that only certain printed words appeared in the said indorsement. However, as the court below did not question the signature we shall assume that it was apparently genuine.

The court seems to be saying that the plaintiff did not show that the note was indorsed to him, the appellant herein, but as we have intimated, and hold, a note indorsed in blank is sufficient to transfer title.

■■ It is suggested that the indorsement was insufficient because it did not show the date thereof. Section 462 of the former Code of Commerce reads as follows:

"The indorsement must contain:

"1.—The name and surname, firm name, or title of the person or company to whom or which the bill is transferred.

"2.—The form in which the assignor acknowledges the consideration of the purchaser, as stated in subdivision 5 of article 444.

"3.—The name and surname, firm name, or title of the person from whom it is received, or to the account of whom it is charged, if it is not the same person to whom the bill is transferred.

"4.—The date on which it is drawn.

"5.—The signature of the indorser, or of the person legally authorized to sign for him, which shall be stated in the subscribing clause."

We have the idea that to a very large extent this provision (subdivision 4, *supra*) of the Code of Commerce had for ordinary business purposes, by custom, interpretation or otherwise, become obsolete at the time of the execution of the indorsement in question. For the future, the new Code of Commerce has obviated this kind of discussion. We shall not enter into a consideration of all the persons and conditions that might be affected by the provision requiring a date but we do not think it was the intention of the Legislature ever to cover the case of a promissory note drawn to the order of somebody else. When a note is indorsed and transferred without a date we have no question that the indorsee acquires rights as a holder, and rights sufficient to begin a proceeding under the Mortgage Law. The debtor can not be injured in greater or different form than he would have been if the indorsement had contained a date. Similarly the indorser who originally held title can not complain of the lack of a date or claim rights by reason of its absence from the indorsement. He would be completely estopped.

The appellee in its brief makes reference to the first two paragraphs of section 169 of the Mortgage Regulations which read as follows:

"The following shall be presented with the initial petition in the proceedings:

"First.—Evidence of legal capacity to sue, including the power of attorney of the solicitor, if the creditor or his legal representative does not appear in person.

"Second.—The instrument or instruments evidencing the credit, with a memorandum of their record and with the formalities which the Law of Civil Procedure prescribes to authorize writs of execution."

The first paragraph refers to the personality of the plaintiff and there can be no question in this case that Manuel V. Domenech, as Treasurer, was the plaintiff. He was duly identified by the appearance of his attorneys in the case.

The matter of title is covered by our preceding considerations.

The foregoing exposition makes it apparent that the court in this case should not have refused to issue the new writ prayed for by the petitioner. A title which may serve as basis to the summary foreclosure proceeding brought by the petitioner to recover his credit has been established *prima facie.*

To resume, we think the complaint stated ultimate facts in sufficient form, and even if the facts were somewhat doubtfully expressed, there was no reason for denying the remedy solicited.

The order should be reversed and the case sent back for further proceedings not inconsistent with this opinion.

Mr. Justice Travieso took no part in the decision of this case.